IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LUCAS MORA,

    Plaintiff,                        No.

v.

TURIMEX, LLC,

    Defendant.                   JURY TRIAL DEMANDED

COMPLAINT

Introduction

1. This is an action for unpaid overtime wages and for unpaid wages due upon separation from employment brought by plaintiff Lucas Mora against his former employer, Turimex, LLC ("Turimex"), pursuant to the provisions of the federal Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("the FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*.

Jurisdiction and Venue

2. This Court has subject matter jurisdiction because plaintiff has asserted claims arising under federal law pursuant to the provisions of the FLSA. Accordingly, the Court has jurisdiction over the subject matter of this action under 29 U.S.C. 216(b) and 28 U.S.C. 1331. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. 1367.

3. Venue is proper in this District because the unlawful employment practices described herein were committed in the Northern District of Illinois, so that venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. 1391(b).

Parties

4. Plaintiff Lucas Mora resides in the Northern District of Illinois. He was employed as a baggage handler and general laborer by defendant Turimex from approximately November, 2016 to approximately March 21, 2020. He worked at Turimex's location in Chicago at 2139 S. California Avenue.

5. Defendant Turimex is an international bus company operating (or which at the time relevant hereto operated) in the Northern District of Illinois. Defendant Turimex was plaintiff's employer within the meaning of the FLSA, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. Defendant Turimex was an employer of plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. 203(d). At all times relevant hereto, defendant Turimex was an enterprise engaged in interstate commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. 203(s)(1).

Facts

4. Plaintiff Lucas Mora worked for defendant Turimex and was paid an hourly wage of $13.00/hr.

5. Starting in September, 2018 Mr. Mora was instructed by his supervisor at Turimex to clock out at the end of his shift and continue working off the clock until he was finished, without being paid. As a result, he worked over forty hours per week without being paid overtime wages for that work.

6. During the time period from September, 2018 until the date his employment ended, in March, 2020, plaintiff Mora regularly worked more than 40 hours per week.

7. Despite working more that forty hours in the week, plaintiff Mora was not paid by defendant Turimex time-and-a-half for the hours he worked more than forty hours per week, as required by the FLSA, 29 U.S.C. 207(a)(2) and the Illinois Minimum Wage Law, 820 ILCS 105/4a.

8. If properly paid, Mr. Mora would have been paid approximately $45.09/week in unpaid wages and overtime wages during this period. He was not paid wages and overtime wages for approximately 78 weeks, so that he is owed approximately $3,517.02 in unpaid wages and overtime wages.

9. In addition, Mr. Mora was not paid and is owed pay for a week of paid vacation, worth approximately $550.00, and was not paid for five days of paid sick days, worth approximately $458.08.

10. Upon plaintiff Mora's separation from employment with defendant, defendant failed to pay the wages that were then due and owing to plaintiff, as required by the Illinois Wage Payment and Collection Act, 820 ILCS 115/5.

### Count I – FLSA

11. Plaintiff re-alleges and incorporates by reference paragraphs 1-10 of this Complaint as paragraphs 1-10 of this Count I.

12. By failing to pay the overtime wages due to plaintiff Lucas Mora, defendant Turimex took from plaintiff the wages due to him and violated the provisions of the FLSA, 29 U.S.C. 207(a)(2).

13. Defendant Turimex acted willfully in failing to pay plaintiff Mora the overtime wages due to him and defendant's failure to pay those overtime wages was a willful violation of the FLSA.

14. Under the provisions of the FLSA, defendant Turimex is liable to plaintiff Mora for his unpaid overtime wages, an equal amount for liquidated damages, and reasonable attorney's fees and costs. That is, under the provisions of the FLSA, defendant Turimex is liable to plaintiff Mora for approximately $7,034.04 and is liable to plaintiff for his reasonable attorney's fees and costs.

## Count II – Illinois Minimum Wage Law

15. Plaintiff re-alleges and incorporates by reference paragraphs 1-14 of this Complaint as paragraphs 1-14 of this Count II.

16. By failing to pay the overtime wages due to plaintiff Mora, defendant Turimex took from Mr. Mora wages due to him and violated the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

17. Under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/12, defendant Turimex is liable to plaintiff Mora for his unpaid overtime wages, treble damages, five percent (5%) of those wages for each month they have been unpaid, and reasonable attorney's fees and costs.

18. Accordingly, defendant Turimex is liable to plaintiff Mora for treble damages equal to approximately $10,551.06 and 5% of his unpaid overtime wages for each of the seven months his wages have gone unpaid, or approximately $3,692.87. Thus, defendant Turimex is liable to plaintiff Mora for a total amount of approximately $14,243.93.

<u>Count III – Illinois Wage Payment and Collection Act</u>

19. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 of this Complaint as paragraphs 1-18 of this Count III.

20. By failing to pay the final wages owed to plaintiff Mora upon the termination of his employment with defendant, defendant violated and is violating the provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/5.

21. At all times relevant hereto, the Illinois Wage Payment and Collection Act, 820 ILCS 115/14, has provided that an employer that fails to pay final wages when due shall owe, in addition to those wages, an amount equal to two percent (2%) of those wages for every month they are unpaid and has provided that an employee not paid final wages may recover reasonable attorney's fees and costs in a civil action.

22. Accordingly, defendant Turimex owes plaintiff the amount of his unpaid overtime wages, or approximately $3,517.02, plus his unpaid vacation pay, or approximately $550.00, plus his unpaid sick days, or approximately $458.08, plus 2% of that amount for each of the seven months he has not been paid, or $633.51, so that it owes him a total of approximately $5,158.61.

<u>Prayer for Relief</u>

WHEREFORE, plaintiff Lucas Mora prays for the following judgment against defendant Turimex, LLC:

(a) judgment in favor of plaintiff Lucas Mora against defendant Turimex LLC in the amount of $26,436.58;

(b) pre-judgment and post-judgment interest;

(c) reasonable attorney's fees and costs; and

(d) such other relief as the Court shall find just.

PLAINTIFF DEMANDS TRIAL BY JURY

By: /s/ <u>Paul Strauss</u>
Attorney for plaintiff Lucas Mora

Paul Strauss
5525 S. Woodlawn Ave.
Chicago, IL 60637
(773) 551-5350
pstr1968@gmail.com